IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELIAS M URIOSTE,

    Plaintiff,

v.                                                Civ. No. 20-571 JB/GBW

VINCENT HORTON, *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before me on review of the record. On September 23, 2020, I filed an Order Directing Plaintiff to Substitute Attorney or Declare Intention to Proceed *Pro Se*. Doc. 18. In that Order, I noted the passing of Plaintiff's counsel of record. *Id.* at 2. Accordingly, I deferred issuing any proposed findings or recommended disposition on any matter for thirty days to allow Plaintiff to either obtain new counsel or declare his intention to proceed *pro se*. *Id*.

More than thirty days have passed, and Plaintiff has not responded to my Order or otherwise indicated how he intends to prosecute this case going forward.[1] As a

---

[1] Although all automated service of items on the docket are being sent to Plaintiff's counsel's electronic address, the Court also mailed this Order personally to Plaintiff at the Guadalupe County Correctional Facility. *See doc. 18*. The original mailing was returned as undeliverable because it was sent to a physical address and not the proper mailing address of the facility. *See doc. 19*. On October 6, 2020, the Order was sent to the proper mailing address. It has not been returned as undeliverable nor has any response been received from Plaintiff at the time of this filing.

result of Plaintiff's failure to respond, and for the reasons to follow, I RECOMMEND DISMISSING this case WITH PREJUDICE.

I.   **Legal Standard**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action *sua sponte* for failure to prosecute or to comply with an order of the Court. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). A dismissal pursuant to Rule 41(b) is with prejudice unless otherwise stated. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007) (citing Fed. R. Civ. P. 41(b) and *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001)). The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (citation omitted).

When considering whether dismissal with prejudice is appropriate, the Court must take into account the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Nasious*, 492 F.3d at 1162 (*quoting Olsen*, 333 F.3d at 1204). These criteria, derived from *Ehrenhaus*

*v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), are meant to serve as guidelines, not a "rigid test." *Id.* at 921.

## II.   Analysis

Plaintiff brings claims of constitutional violations under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-1 to 41-4-30. *Doc. 1-1* at 2. The events underlying Plaintiff's claims began in or around October 2018. *Id.* at 5. Insofar as dismissal of Plaintiff's claims will place them outside the statute of limitations, *see* NMSA § 41-4-15 (imposing two-year statute of limitation on actions under the New Mexico Tort Claims Act), the Court must consider the *Ehrenhaus* factors.

The present suit was initiated in state court on January 30, 2020, by a motion for a temporary restraining order or preliminary injunction. *See doc. 9-1* at 3; *see also Urioste v. Horton*, Case No. D-424-CV-2020-00018 (N.M. 4th Jud. Dist. 2020). This motion was initially denied but reinstated by order dated March 11, 2020. *Doc. 10-1* at 24. On May 11, 2020, Plaintiff filed an amended motion and (for the first time) a complaint. *Id.* at 69–134. Defendants removed the case to this Court on June 12, 2020. *Doc. 1*. Defendants filed responses in this Court in opposition to Plaintiff's state-court motion. *Docs. 5, 12*. Plaintiff, represented by counsel, did not file any replies to these responses. On June 19, 2020, Defendants New Mexico Corrections Department ("NMCD") and Alisha Tafoya Lucero filed a Motion to Dismiss all claims against them. *Doc. 6*. Plaintiff, represented by counsel, did not file any response in opposition to this Motion.

3

*See doc. 13*. I held a hearing on this Motion on July 29, 2020, at which Plaintiff's counsel failed to appear. *See doc. 16*. Subsequently, it came to my attention that Plaintiff's counsel of record passed away some weeks after the hearing.[2]  *Doc. 18* at 2.

At the present time, all docket notifications from the CM/ECF filing system are being directed to Plaintiff's counsel of record. Absent entry of appearance by new counsel or confirmation from Plaintiff of his intention to proceed *pro se*, there is nobody to respond to filings on Plaintiff's behalf.

In light of the current stasis of this case, Defendants would be significantly prejudiced if this matter were permitted to remain pending without a resolution in sight. Additionally, Defendants NMCD and Tafoya Lucero are prejudiced by their inability to receive a ruling on their Motion to Dismiss, which has been pending for several months. Dismissal would not interfere with the judicial process, as the process is currently stalled by Plaintiff's failure to indicate how or if he intends to prosecute his case going forward. Plaintiff is culpable for the present delays in his case. Plaintiff was given more than thirty days to address the issue of his representation, and there is no indication that anyone other than Plaintiff is responsible for his failure to respond. Moreover, Plaintiff's present culpability in this matter is exacerbated by his former counsel's failure to actively litigate this case after it was removed to this Court. Plaintiff

---

[2] There is no reason to believe that counsel's failure to appear at the hearing was related to the cause of her death.

4

was warned in advance that the Court could dismiss his case for failure to prosecute and that his failure to respond to my Order Directing Plaintiff to Substitute Attorney or Declare Intention to Proceed *Pro Se* might result in dismissal. *See doc. 18* at 2–3. Finally, there is no other, lesser sanction that will remediate Plaintiff's failure to prosecute this case. In sum, I find that all of the *Ehrenhaus* factors favor dismissal.

### III. CONCLUSION

For the foregoing reasons, I RECOMMEND that all claims in Plaintiff's Complaint for Declaratory and Injunctive Relief and for Compensatory and Punitive Damages (*doc. 1-1*) be DISMISSED WITH PREJUDICE for failure to prosecute.

IT IS ORDERED that the Clerk of Court is directed to send a copy of this filing to Plaintiff in custody of the New Mexico Corrections Department at the Guadalupe County Correctional Facility, P.O. Box 520, Santa Rosa, NM 88435.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**