**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ELIAS M. URIOSTE,

        Plaintiff,

vs.                                        No. CIV 20-0571 JB/GBW

VINCENT HORTON; RONALD
PETERS; FNU GAUNA; DENNIS
OLGUIN; FNU QUINONES; FNU
HAMILTON; THE GEO GROUP, INC.;
NEW MEXICO CORRECTIONS
DEPARTMENT; ALISHA TAFOYA
LUCERO,

        Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

        **THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings

of Fact and Recommended Disposition, filed November 17, 2020 (Doc. 20)("PFRD").

Objections were due by no later than December 4, 2020.  See Fed. R. Civ. P. 6(d) (stating that

"[w]hen a party may or must act within a specified time after being served and service is made

under Rule 5(b)(2)(C)(mail) . . . 3 days are added after the period would otherwise expire under

Rule 6(a)").  The parties have not filed any objections.  Because the Court concludes that the

PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, the

Court adopts the PFRD and dismisses Plaintiff Elias M. Urioste's Complaint for Declaratory and

Injunctive Relief and for Compensatory and Punitive Damages, filed June 12, 2020 (Doc. 1-

1)("Complaint").

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections to recommendations from a Magistrate Judge and provides that, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(3). Under the rule, when resolving objections "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to by a party. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, with Buildings, Appurtenances, Improvements & Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985))("One Parcel"). As the United States Court of Appeals for the Tenth Circuit has noted,

"the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986), and United States v. Walters, 638 F.2d 947, 949 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to  the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are  deemed waived.").   In an unpublished opinion, the Tenth Circuit stated that "the district court  correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

[2]The Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value

In <u>One Parcel</u>, the Tenth Circuit, in accord with the other United States Courts of

Appeals, expanded the waiver rule to cover objections that are timely but too general.  <u>See</u> <u>One</u>

<u>Parcel</u>, 73 F.3d at 1060.  The Supreme Court of the United States -- in the course of approving

the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review
> of a magistrate's factual or legal conclusions, under a <u>de novo</u> or any other
> standard, when neither party objects to those findings.  The House and Senate
> Reports accompanying the 1976 amendments do not expressly consider what sort
> of review the district court should perform when no party objects to the
> magistrate's report.  <u>See</u> S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate
> Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News
> 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports,
> however, that demonstrates an intent to require the district court to give any more
> consideration to the magistrate judge's report than the court considers
> appropriate.  Moreover, the Subcommittee that drafted and held hearing on the
> 1976 amendments had before it the guidelines of the Administrative Office of the
> United States Courts concerning the efficient use of magistrates.  Those
> guidelines recommended to the district courts that "[w]here a magistrate makes
> a finding <u>or ruling</u> on a motion or an issue, his determination should become that
> of the district court, unless specific objection is filed within a reasonable time."
> <u>See</u> Jurisdiction of the United States Magistrates, Hearings on S. 1283 before the
> Subcommittee on Improvements in Judicial Machinery of the Senate Committee
> on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter
> Senate Hearings).  The Committee also heard Judge Metzner of the Southern
> District of New York, the chairman of a Judicial Conference Committee on the
> administration of the magistrate system, testify that he personally followed that
> practice.  <u>See</u> <u>id</u>., at 11 ("If any objections come in, . . . I review [the record] and
> decide it.  If no objections come in, I merely sign the magistrate's order.").  The
> Judicial Conference of the United States, which supported the <u>de novo</u> standard
> of review eventually incorporated in § 636(b)(1)(C), opined that in most
> instances no party would object to the magistrate's recommendation, and the
> litigation would terminate with the judge's adoption of the magistrate's report.
> <u>See</u> Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any
> party who was dissatisfied for any reason with the magistrate's report would file
> objections, and those objections would trigger district court review.  There is no

---

with respect to a material issue in a case and would assist the court in its
disposition, we allow a citation to that decision.

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court
concludes that <u>Pevehouse v. Scibana</u>, 229 F. App'x at 796, has persuasive value with respect to a
material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted)).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the Honorable H. Dale Cook, United States District Judge for the Northern District of Oklahoma, had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections.  See One Parcel, 73 F.3d at 1060.  The Tenth Circuit, however, held that it would deem the objections waived on appeal, "because only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance."  One Parcel, 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but the Courts of Appeals enforced the waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed

findings and recommendations "on . . . dispositive motions, the statute calls for a <u>de novo</u> determination, not a <u>de novo</u> hearing." <u>United States v. Raddatz</u>, 447 U.S. 667, 674 (1980). "[I]n providing for a 'de novo determination' rather than a <u>de novo</u> hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." <u>United States v. Raddatz</u>, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b), and citing <u>Mathews v. Weber</u>, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's report. <u>In re Griego</u>, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." <u>Gee v. Estes</u>, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." <u>Gee v. Estes</u>, 829 F.2d at 1009. On the other hand, a district court fails to meet 28 U.S.C. § 636(b)(1)'s requirements when it indicates that it gave "considerable deference to the magistrate's order." <u>Ocelot Oil Corp. v. Sparrow Indus.</u>, 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a <u>de novo</u> review of the record." <u>Garcia v. City of Albuquerque</u>, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." <u>Northington v. Marin</u>, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing <u>In re Griego</u>, 64 F.3d at 583-84). "[E]xpress references to de novo review in [a district court's] order must be taken to mean it

properly considered the pertinent portions of the record, absent some clear indication otherwise."

Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth

Circuit has held that a district court properly conducted a de novo review of a party's evidentiary

objections when the district court's "terse" order contained one sentence for each of the party's

"substantive claims" and did "not mention his procedural challenges to the jurisdiction of the

magistrate to hear the motion."  Garcia v. City of Albuquerque, 232 F.3d at 766.  The Tenth Circuit

has explained that brief district court orders that "merely repeat the language of § 636(b)(1) to

indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo

review:

> It is common practice among district judges in this circuit to make such a
> statement and adopt the magistrate judges' recommended dispositions when they
> find that magistrate judges have dealt with the issues fully and accurately and
> that they could add little of value to that analysis.  We cannot interpret the district
> court's statement as establishing that it failed to perform the required de novo
> review.

In re Griego, 64 F.3d at 584.

Notably, because a district court may place whatever reliance it chooses on a Magistrate

Judge's PFRD, a district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), as "Congress intended

to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to

place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447

U.S. at 676 (emphasis omitted).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at

724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-

hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United

States v. Raddatz require).

Where no party objects to the Magistrate Judge's PFRD, the Court will still review the Magistrate Judge's recommendations.  In <u>Pablo v. Soc. Sec. Admin.</u>, No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's PFRD, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review.  The Court generally does not "review the PF[]RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  <u>Pablo v. Soc. Sec. Admin.</u>, 2013 WL 1010401, at \*4.  The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  <u>Pablo v. Soc. Sec. Admin.</u>, 2013 WL 1010401, at \*3.  <u>See</u> <u>Alexandre v. Astrue</u>, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at \*4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that they are not, and will therefore adopt the PFRD."); <u>Trujillo v. Soc. Sec. Admin.</u>, No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at \*5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting that "[t]he Court did not review the [Magistrate Judge's PFRD] de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendations to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not").  This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the

waiver rule's intent than no review at all or a full-fledged review.   Accordingly, the Court

considers this standard of review appropriate.   See Thomas v. Arn, 474 U.S. at 151 ("There is

nothing in [the House and Senate Reports accompanying the 1976 amendments to the Majistrate

Act], however, that demonstrates an intent to require the district court to give any more

consideration to the magistrate's report than the court considers appropriate.").   The Court is

reluctant to have no review at all if its name is going to go at the bottom of the order adopting the

magistrate judge's proposed findings and recommendations.

## ANALYSIS

The Court has reviewed carefully the PFRD and the docket.   The Court has not reviewed

the PFRD de novo, because the parties have not objected to it.   Instead, the Court has reviewed

the PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse

of discretion, and has determined that the PFRD is not clearly erroneous, arbitrary, obviously

contrary to law, or an abuse of discretion.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended

Disposition, filed  November 17, 2020 (Doc. 20), is adopted; and (ii) the Plaintiff's Complaint

for Declaratory and Injunctive Relief and for Compensatory and Punitive Damages, filed June 12,

2020 (Doc. 1-1), is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Elias M. Urioste

   *Pro se plaintff[3]*

April D. White
Yenson, Allen & Wosick, P.C.
Albuquerque, New Mexico

   *Counsel for Defendants Vincent Horton, Ronald Peters, FNU Gauna, FNU Quinones,
   FNU Hamilton, and the GEO Group, Inc.*

Luke Salganek
Samantha E. Kelly
Miller Stratvert, P.A.
Santa Fe, New Mexico

   *Counsel for Defendants New Mexico Corrections Department and Alisha Tafoya Lucero*

---

   [3]Urioste was represented by Christin K. Kennedy, however, "[u]pon information and belief, Ms. Kennedy has passed away" in late August, 2020.  Order Directing Plaintiff to Substitute Attorney or Declare Intention to Proceed Pro Se at 2, filed September 23, 2020 (Doc. 18). Magistrate Judge Wormuth stated:

> In light of the foregoing, the undersigned will defer issuing any proposed findings or recommended dispositions on any matter until Plaintiff finds new counsel or declares his intention to proceed *pro se* in this matter.  If Plaintiff chooses to proceed *pro se*, he is hereby notified that he will be responsible for complying with all rules and orders of the Court and filing any objections to the undersigned's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1).
>
>    **IT IS HEREBY ORDERED** that, within **thirty (30) days** of this Order, Plaintiff shall file a notice with the Court either entering appearance by new counsel or declaring his intention to proceed *pro se* in this matter.  Failure to respond to this Order may result in dismissal of Plaintiff's claims.

Order Directing Plaintiff to Substitute Attorney or Declare Intention to Proceed Pro Se at 2 (emphasis in the original).  Urioste did not respond by the deadline or later.